UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. <u>10-80149-CR-MARRA/HOPKINS(S)(S)</u>
18 U.S.C. §371

UNITED STATES OF AMERICA

v.

STEVEN GOODMAN,

Defendant.

_____/

```
FILED by _____ D.C.

   MAR 2 8 2012

   STEVEN M. LARIMORE
   CLERK U. S. DIST. CT.
  S. D. of FLA. – FT. LAUD.
```

## SUPERSEDING INFORMATION

The United States Attorney charges that:

### GENERAL ALLEGATIONS

1.      Medical Arts Pharmacy, Inc. ("Medical Arts") was a pharmaceutical wholesaler with offices located at 2950 Central Avenue, St. Petersburg, Florida. The president of Medical Arts was STEVEN GOODMAN, R. Ph. Medical Arts was assigned Drug Enforcement Administration (DEA) number RM0162925. Medical Arts was registered to distribute Schedule II - V controlled substances.

2.      Federal law requires pharmaceutical wholesalers to design and operate a system to disclose suspicious orders of controlled substances. The pharmaceutical wholesaler is required to inform the DEA of suspicious orders when discovered by such wholesaler. Suspicious orders include orders deviating substantially from a normal pattern and orders of unusual frequency (21 CFR 1301.74(b)).

3.      On or about August 18, 2009, defendant GOODMAN attended a briefing at the offices of the DEA. Defendant GOODMAN was advised of his responsibility to exercise due

1

diligence and to avoid filling suspicious orders that may be diverted into other than legitimate medical, scientific, and industrial channels. Defendant GOODMAN was advised that federal law required Medical Arts to design and operate a system to discover suspicious orders of controlled substances, including orders of unusual size, orders deviating substantially from a normal pattern, and orders of unusual frequency.

      4.      Schedule II controlled substances are ordered with an official order form, DEA Form 222. A DEA Form 222 is required for each distribution, purchase, or transfer of a Schedule II controlled substance.

<u>COUNT 1</u>

      1.      The General Allegations Section of this Information are realleged and expressly incorporated herein as if set forth in full.

THE CONSPIRACY AND ITS OBJECTS

      2.      From on or about August 18, 2009, and continuing thereafter until in or about March 2010, in the Southern District of Florida and elsewhere, the defendant,

STEVEN GOODMAN,

knowingly and willfully conspired and agreed with other persons, both known and unknown to the United States Attorney, to defraud the United States of and concerning its governmental functions and rights, hereafter described, that is:

      (a)      of and concerning its right to have its business and its affairs, and particularly the transaction of the official business of the DEA, conducted honestly and impartially, free from corruption, fraud, improper and undue influence, dishonesty, unlawful impairment and obstruction.

## MANNER AND MEANS OF THE CONSPIRACY

3.      It was a part of the conspiracy that the defendant would, by deceit, craft, trickery and dishonest means, defraud the United States by interfering with and obstructing the lawful governmental functions of the DEA, in that the defendant would knowingly and intentionally fail to design and operate a legally adequate system to discover suspicious orders of controlled substances, including orders of unusual size, orders deviating substantially from a normal pattern, and orders of unusual frequency, as required by 21 CFR 1301.74(b).

4.      It was further a part of the conspiracy that for the purpose of executing or attempting to execute the above-described scheme and artifice to defraud, defendant STEVEN GOODMAN caused to be placed in an authorized depository for mail, to be sent and delivered by the Postal Service, the following matter: DEA Form 222.

## OVERT ACTS

5.      In furtherance of the conspiracy and to achieve the purposes and objects thereof, at least one of the conspirators committed or caused to be committed in the Southern District of Florida and elsewhere, at least one of the following acts, among others:

(a)      On or about February 16, 2010, defendant GOODMAN received a DEA Form 222 that had been delivered by Federal Express from a physician at American Pain, LLC located in Palm Beach County, and which contained information regarding the ordering of a Schedule II controlled substance that should have been reported to the DEA as a suspicious order.

(b)     On or about February 16, 2010, defendant GOODMAN shipped Schedule II controlled substances from Medical Arts to a physician at American Pain, LLC in fulfillment of the aforesaid order.

All in violation of Title 18, United States Code, Section 371.


WIFREDO A. FERRER
UNITED STATES ATTORNEY


PAUL F. SCHWARTZ
ASSISTANT UNITED STATES ATTORNEY


LAWRENCE D. LaVECCHIO
ASSISTANT UNITED STATES ATTORNEY


STRIDER DICKSON
ASSISTANT UNITED STATES ATTORNEY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

UNITED STATES OF AMERICA

vs.

STEVEN GOODMAN,

                  **Defendant.**
_____/

CASE NO.   ~~10-80149-CR-MARRA/HOPKINS(s)(s)~~

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division:** (Select One)

New Defendant(s)      Yes _____ No _X_
Number of New Defendants
Total number of counts       1

| | | | |
|---|---|---|---|
| ___ Miami | ___ Key West | | |
| ___ FTL | _X_ WPB | ___ FTP | |

I do hereby certify that:

1.   I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.   I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.   Interpreter:  (Yes or No)   No
     List language and/or dialect  _____

4.   This case will take  _0_  days for the parties to try.

5.   Please check appropriate category and type of offense listed below:

    (Check only one)           (Check only one)

| | | | | | |
|---|---|---|---|---|---|
| I | 0 to 5 days | _X_ | Petty | | |
| II | 6 to 10 days | ___ | Minor | | |
| III | 11 to 20 days | ___ | Misdem. | | |
| IV | 21 to 60 days | ___ | Felony | _X_ | |
| V | 61 days and over | ___ | | | |

6.   Has this case been previously filed in this District Court? (Yes or No)  _____
    If yes:
    Judge:  Marra         Case No.  10-80149-Cr-Marra(s)
    (Attach copy of dispositive order)
    Has a complaint been filed in this matter?  (Yes or No)  No
    If yes:
    Magistrate Case No.  _____
    Related Miscellaneous numbers:  _____
    Defendant(s) in federal custody as of  _____
    Defendant(s) in state custody as of  _____
    Rule 20 from the  _____  District of  _____

    Is this a potential death penalty case? (Yes or No)  No

7.   Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?  _____ Yes  _X_ No

8.   Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?  _____ Yes  _X_ No

*[signature]*

PAUL F. SCHWARTZ
ASSISTANT UNITED STATES ATTORNEY
Court ID No. A5500086

*Penalty Sheet(s) attached

REV 4/8/08

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: **STEVEN GOODMAN**

**Case No**: 10-80149-CR-MARRA/HOPKINS(S)(S)

Count #: 1

Conspiracy to Defraud the United States by Interfering with any of its lawful governmental functions by deceit, craft or trickery

18 U.S.C. 371

**\* Max.Penalty:**   Five years' imprisonment and a fine of $250,000

Count #:

**\*Max. Penalty:**

Count #:

**\*Max. Penalty:**

Count #:

**\*Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | Case No.   10-80149-CR-MARRA(S)(S) |
| STEVEN GOODMAN | ) | |
| | ) | |
| *Defendant* | ) | |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*


_____
*Signature of defendant's attorney*

Edward J. Page
*Printed name of defendant's attorney*


_____
*Judge's signature*


_____
*Judge's printed name and title*